**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ZORAIDA MUNIZ-ESCOBAR | : | |
| *Plaintiff* | : | CIVIL ACTION NO. |
| v. | : | |
| SUNBEAM PRODUCTS, INC. | : | |
| *Defendant* | : | **ARBITRATION CASE** |

**CIVIL ACTION COMPLAINT AND JURY DEMAND**

**I.     PRELIMINARY STATEMENT**

1.     This is a claim against Defendant, Sunbeam Products, Inc., for personal injuries caused to Plaintiff, Zoraida Muniz-Escobar, by the defective condition of Defendant's product and/or the negligent acts and/or omissions of the Defendant and its agents, servants, employees, workmen, and/or representatives.

**II.    PARTIES**

2.     Plaintiff, Zoraida Muniz-Escobar, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at 609 Burnside Avenue, Reading, PA 19611.

3.     Defendant, Sunbeam Products, Inc., upon information and belief, was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware with a principal place of business located therein at 2381 Executive Center Drive, Boca Raton, FL 33431.

**III.   JURISDICTION AND VENUE**

4.     Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

5. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the acts and/or omissions giving rise to the within claims occurred within the district and because Defendant is subject to personal jurisdiction within the district.

## IV.     FACTUAL ALLEGATIONS

7. At all times relevant hereto, Defendant acted by and through its trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

8. At all times material herein, Defendant, Sunbeam Products, Inc., by and through its employees, agents, servants, workmen and/or other representatives, was regularly engaged in the business of designing, developing, manufacturing, apparently manufacturing, distributing, marketing, selling, assembling, inspecting, installing, licensing and/or providing safety recommendations for products intended to provide "solutions for everyday life" such as the subject Sunbeam electronic Health at Home Heating Pad, with model number E12107-819 and product number 111004-000-5396, and the component parts thereto, including all instruction manuals and associated warnings. See Photographs of the Subject Product attached hereto as Exhibits A and B.

9. At all times relevant hereto, the Defendant designed, distributed, assembled, licensed, marketed, manufactured, apparently manufactured, maintained, repaired, serviced, provided safety recommendations for and/or sold the subject Sunbeam electronic Health at Home

Heating Pad, with model number E12107-819 and product number 111004-000-5396, and the component parts thereto, and all instruction manuals and associated warnings.

10. On or about April 14, 2020, Plaintiff, Zoraida Muniz-Escobar, was using the aforesaid Sunbeam electronic Health at Home Heating Pad in an ordinary and reasonable fashion and on a low setting when, after fifteen (15) minutes of use, the subject product unexpectedly reached a dangerously high temperature, thereby causing the Plaintiff to suffer severe burn injuries. The subject product was designed, manufactured, apparently manufactured, developed, assembled, tested, inspected, promoted, marketed, licensed, distributed and/or sold by the Defendant. Prior to the time of Plaintiff's accident, Plaintiff purchased the subject product new and the subject product was in the same condition at the time of Plaintiff's accident as it was when it left Defendant's facilities, undergoing no subsequent alterations or modifications.

11. The subject product involved in Plaintiff's accident was packaged and/or embossed, affixed and/or otherwise labeled with Defendant Sunbeam Products, Inc.'s name and/or trademark.

12. Defendant Sunbeam Products, Inc. labeled the aforesaid product and/or allowed the subject product to be labeled and sold with its name and/or trademark which readily identified Defendant Sunbeam Products, Inc. as the apparent and/or actual manufacturer of the product.

13. As such, Defendant could reasonably expect end users and consumers to purchase the aforesaid product in reliance upon the reputation associated with Defendant's name and Defendant put out the subject product as its own.

## COUNT I
## ZORAIDA MUNIZ-ESCOBAR v. SUNBEAM PRODUCTS, INC.
## PRODUCTS LIABILITY – STRICT LIABILITY

14. Plaintiff hereby incorporates by reference paragraphs one (1) through thirteen (13) of the within Complaint as though same were fully set forth at length herein.

15. Defendant Sunbeam Products, Inc. designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

16. Defendant Sunbeam Products, Inc. designed, manufactured, apparently manufactured, prepared, assembled, tested, maintained, promoted, marketed, imported, licensed, distributed and/or sold the aforementioned Sunbeam electronic Health at Home Heating Pad, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

17. The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing and/or sale of the aforesaid product and its component parts.

18. Defendant Sunbeam Products, Inc. is strictly liable to Plaintiff as follows:

   a. Designing, manufacturing, apparently manufacturing, assembling, licensing, distributing and/or selling the subject electronic heating pad and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

b.  Failing to design, manufacture, apparently manufacture, assemble, license, distribute and/or sell the subject electronic heating pad and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

c.  Failing to properly equip the subject electronic heating pad and its component parts with an appropriate safety mechanism to prevent the accident described above which caused Plaintiff's injuries;

d.  Failing to properly design, license, manufacture and/or apparently manufacture the subject electronic heating pad and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

e.  Failing to properly design, license, manufacture and/or apparently manufacture the subject electronic heating pad and its component parts to prevent the product from reaching dangerous high temperatures capable of causing burn injuries in the normal, reasonable and ordinary use of the product;

f.  Creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

g.  Failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, licensing, design and/or sale of the subject heating pad and its component parts;

h.  Failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, licensing, design and/or sale of the subject heating pad and its component parts to prevent the type of malfunction that occurred at the time of Plaintiff's accident;

i.  Failing to ensure that the subject heating pad was safe and free from hidden defects;

j.  Failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject heating pad;

k.  Failing to ensure that the subject heating pad and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

l.  Failing to warn purchasers and end users of the dangers of the subject product;

m.  Failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject product,

       which was or should have been known to Defendant prior to the date of Plaintiff's accident;

n. Embossing, affixing and/or otherwise labeling the subject heating pad and its component parts with Defendant's name and/or trademark;

o. Allowing the subject heating pad and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product;

p. Vicarious liability as an apparent manufacturer of the subject heating pad pursuant to the Restatement (Second) of Torts §400; and

q. Any other acts or omissions that may be revealed during discovery and/or trial of this case.

19. The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

20. At all times relevant hereto, Defendant's aforesaid product and its component parts were defective and unsafe for consumer use.

21. At all times relevant hereto, there were latent defects in the Defendant's aforesaid product and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

22. The Defendant designed, manufactured, apparently manufactured, distributed, licensed and/or sold the aforesaid product and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

23. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

24. In addition, Defendant designed, manufactured, apparently manufactured, assembled, licensed, distributed and sold the subject product with defective warnings and instructions in violation of Restatement (Second) of Torts §402(B).

25. In that regard, the warnings and instructions were no adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid product and its component parts, such as the Plaintiff.

26. The defective warnings and instructions caused Plaintiff's injuries.

27. Furthermore, Defendant is liability and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject product pursuant to the Restatement (Second) of Torts §400.

28. In that regard, the subject product involved in Plaintiff's accident was packaged, embossed, affixed and/or otherwise labeled with Defendant's name and/or trademark.

29. Defendant labeled the subject product and/or allowed the subject product to be labeled and sold with its name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product.

30. As such, Defendant could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendant's name and Defendant put out the subject product as its own product.

31. Defendant is therefore subject to the same liability as though it was the actual manufacturer of the subject product pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts §400 and is vicariously liable for causing Plaintiff's injuries and damages.

32. As a result of the aforementioned conduct of the Defendant, Plaintiff has suffered severe and permanent injuries, including but not limited to, significant burn injuries to her low

back/buttocks resulting in blisters and requiring wound care, scarring, and hip pain, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

33. As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great detriment and loss.

34. As a result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

35. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

36. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

37. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

38. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

39. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Zoraida Muniz-Escobar, demands judgment in her favor and against Defendant, Sunbeam Products, Inc., in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT II
### ZORAIDA MUNIZ-ESCOBAR v. SUNBEAM PRODUCTS, INC.
### PRODUCTS LIABILITY - NEGLIGENCE

40. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-nine (39) of the within Complaint as though the same were fully set forth at length herein.

41. At all times material hereto, Defendant, Sunbeam Products, Inc., owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, licensing, manufacturing and apparently manufacturing the aforesaid product and its component parts, and to license, sell and/or distribute that product in a reasonably safe condition.

42. The Defendant was negligent in designing, manufacturing, apparently manufacturing, assembling, marketing, licensing, distributing and/or selling the defectively designed and manufactured product and its component parts, which consisted of the following:

   a. Carelessly and negligently designing, manufacturing, apparently manufacturing, assembling, licensing, supplying, distributing and/or selling the subject electronic heating pad and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

   b. Carelessly and negligently failing to implement a safe system for ensuring the subject product and its component parts could be used safely by ordinary consumers of the product, such as the Plaintiff;

   c. Carelessly and negligently failing to recognize the inherent possibility that the subject product and its component parts could malfunction and/or fail;

   d. Carelessly and negligently failing to properly equip the subject electronic heating pad and its component parts with proper safety equipment and/or mechanisms to prevent the accident described above which caused Plaintiff's injuries;

e. Carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

f. Failing to exercise the requisite degree of care and caution in the distribution, manufacture, apparent manufacture, assembly, licensing, design and/or sale of the subject heating pad and its component parts;

g. Failing to ensure that the subject heating pad and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

h. Failing to properly design, license, manufacture and/or apparently manufacture the subject electronic heating pad and its component parts to prevent the product from reaching dangerous high temperatures capable of causing burn injuries in the normal, reasonable and ordinary use of the product;

i. Failing to warn purchasers and end users of the dangers of the subject heating pad and its component parts;

j. Failing to properly and adequately test the subject heating pad and its component parts;

k. Failing to properly and adequately inspect the subject heating pad and its component parts;

l. Failing to recall or otherwise remove from retail the subject heating pad because of its defective and dangerous condition prior to Plaintiff's accident;

m. Failing to ensure that the subject heating pad and its component parts were safe and free from hidden defects;

n. Failing to identify and correct dangerous and defective conditions in the subject heating pad and its component parts;

o. Failing to take timely action to warn end consumers or otherwise remedy the defective design, manufacture and/or apparent manufacture of the subject product, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

p. Embossing, affixing and/or otherwise labeling the subject heating pad and its component parts with Defendant's name and/or trademark;

q. Allowing the subject heating pad and its component parts to be embossed, affixed and/or labeled and sold with Defendant's name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product;

r. Vicarious liability as an apparent manufacturer of the subject heating pad pursuant to the Restatement (Second) of Torts Section 400;

s. Otherwise failing to use due care and caution under the circumstances; and

t. Such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

43. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

44. As a result of the aforementioned negligence of the Defendant, the Plaintiff suffered the injuries described in paragraphs thirty-two (32) through thirty-nine (39) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Zoraida Muniz-Escobar, demands judgment in her favor and against Defendant, Sunbeam Products, Inc., in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**COUNT III**
**ZORAIDA MUNIZ-ESCOBAR v. SUNBEAM PRODUCTS, INC.**
**BREACH OF WARRANTY**

45. Plaintiff hereby incorporates paragraphs one (1) through forty-four (44) of the within Complaint as though the same were fully set forth at length herein.

46. By virtue of the manufacture, apparent manufacture, licensing and/or sale of the subject heating pad and its component parts for use by an end consumer, Defendant, Sunbeam

Products, Inc., warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

47. The subject heating pad, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed and licensed. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

48. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject product was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

49. As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs thirty-two (32) through thirty-nine (39) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Zoraida Muniz-Escobar, demands judgment in her favor and against Defendant, Sunbeam Products, Inc., in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**SWARTZ CULLETON PC**

By: /s/Brandon A. Swartz
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557
bswartz@swartzculleton.com
bferris@swartzculleton.com

*Attorneys for Plaintiff*,
Zoraida Muniz-Escobar

Date: December 21, 2020

# EXHIBIT A



# EXHIBIT B



## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____